# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,      :      Case No. 3:20-cr-066
                                              Civil Case No. 3:23-cv-00154

                                              District Judge Michael J. Newman
-  vs  -                                Magistrate Judge Michael R. Merz

DYLAN JERMAINE SNOWDEN,

        Defendant.      :

## REPORT AND RECOMMENDATIONS

This is a proceeding under 28 U.S.C. § 2255 on Defendant's Motion to Vacate his conviction (ECF No. 35). On Order (ECF No. 36) of District Judge Michael J. Newman to whom this case is assigned, the United States filed a Response (Answer) to the Motion (ECF No. 40). Recently, the Motion to Vacate was referred to the undersigned under Amended General Order 22-05 (ECF No. 45).

Although Judge Newman set a date for Snowden to file a reply, he has not filed a document under that title. However, within the time allowed for a reply, he filed an Amended/Supplemental Motion [Under] 28 U.S.C. § 2255 [to] Vacate/Set Aside Sentence (ECF No. 41). The Magistrate Judge has stricken that filing because it purports to be an amended or supplemental motion to vacate, but was filed without court permission and outside the time when a pleading can be

amended under Fed.R.Civ.P. 15 without court permission. Although the Government had filed an answer which it certified it served on Defendant by mail (ECF No. 40, PageID 235), Defendant made no response to the arguments made by the United States Attorney, but instead claimed the Government had not obeyed the Court's Order to answer. The Magistrate Judge finds, however, that the Government did file a timely answer.

The Government has responded at length on the merits of Defendant's constitutional argument. However, it also claims that the Motion is untimely. Defendant has made no response to that argument.

28 U.S.C. § 2255(f) provides

> A one-year statute of limitations shall apply to a motion under this section. The limitations period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The conviction in this case became final fourteen days after judgment was entered on August 9, 2021, when no appeal was taken. Fed. R. App. P. 4(b)(1)(A). Thus the time for filing a § 2255 motion expired one year later, August 9, 2022. Petitioner's Motion to Vacate was not filed

until June 6, 2023, ten months later. Because the Motion to Vacate is barred by the statute of limitations, the Motion to Vacate should be dismissed with prejudice on that basis without discussion of the substantive merits of the Motion.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Motion to Vacate be dismissed with prejudice without consideration of Defendant's substantive constitutional claims. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 20, 2024.

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
